IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:02-CV-79-FL
NO. 4:97-CR-34-FL

| | | |
|---|---|---|
| JEVAN ANDERSON, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's *pro se* motion to reinstate his 28 U.S.C. § 2255 petition to the active docket (DE # 162), filed November 15, 2010. The government responded on December 13, 2010, in support of petitioner's request.[1] As such, the issues raised are ripe for review. For the reasons that follow, the court allows petitioner's motion to release his § 2255 motion from the order holding it in abeyance.

## BACKGROUND

On November 6, 1997, the grand jury issued indictment charging petitioner with conspiring to distribute and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. On August 24, 1998, petitioner was convicted of conspiracy to traffic crack cocaine, and on January 13, 1999, the Honorable Terrence W. Boyle sentenced petitioner to life imprisonment. On

---

[1] The government's response was not untimely. Due to the protracted history of this case, the government did not initially receive a notice of petitioner's filing. Once brought to the government's attention, it promptly responded.

May 17, 2000, the Fourth Circuit affirmed petitioner's conviction, but remanded his case for resentencing. On March 5, 2001, petitioner was resentenced to a term of imprisonment of 240 months. The final sentencing order was entered on March 29, 2001, and on April 25, 2001, the government filed a Notice of Appeal. On April 27, 2001, petitioner also filed Notice of Appeal.

On May 16, 2002, petitioner filed a motion to vacate under 28 U.S.C. § 2255. On June 6, 2002, the government filed a motion to hold petitioner's § 2255 motion in abeyance, arguing that the motion should not be considered while petitioner's direct appeal is still pending. On October 9, 2002, the Fourth Circuit vacated petitioner's sentence and again remanded the case for resentencing. On October 26, 2004, the court resentenced petitioner to a term of imprisonment of 262 months. On November 4, 2004, petitioner filed a Notice of Appeal. On January 3, 2006, the Fourth Circuit vacated petitioner's sentence and again remanded the case for resentencing. On June 16, 2006, petitioner was resentenced to a term of imprisonment of 144 months. On July 6, 2006, petitioner filed a Notice of Appeal. On September 7, 2007, the Fourth Circuit vacated petitioner's sentence and remanded the case for resentencing.

On November 21, 2007, petitioner's case, United States v. Anderson, No. 4:97-CR-00034, was reassigned to the undersigned. On May 8, 2008, this court resentenced petitioner to a term of imprisonment of 210 months, in light of the retroactive crack amendment, pursuant to 18 U.S.C. § 3582(c)(2). On May 13, 2008, petitioner filed a Notice of Appeal. On August 12, 2009, the Fourth Circuit affirmed petitioner's sentence. On September 22, 2009, the Fourth Circuit denied petitioner's petition for rehearing and rehearing en banc. On November 15, 2010, petitioner filed a *pro se* motion with the court to release his § 2255 petition from abeyance.

## DISCUSSION

Petitioner's § 2255 motion was held in abeyance until petitioner's appeal was adjudicated and petitioner's judgment of conviction became final. A court's imposition of a term of imprisonment constitutes a final judgment. United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (citing 18 U.S.C. § 3582(b)). Thus, this court's May 8, 2008, resentencing of petitioner constituted a final judgment. Such final judgment was affirmed by the Fourth Circuit. Furthermore, the Fourth Circuit denied petitioner's request for rehearing. Whereas petitioner's judgment of conviction is now final and the government concurs with petitioner's motion to reinstate his § 2255 petition, the court sees no reason to continue to hold petitioner's § 2255 motion in abeyance.

For the foregoing reasons, petitioner's motion to reinstate his § 2255 petitioner to the active docket from the order holding it in abeyance is ALLOWED. The Clerk of Court is DIRECTED to return petitioner's § 2255 motion to active status. The government is DIRECTED to file its answer or otherwise respond to the § 2255 motion within 21 days of the entry of this order.

SO ORDERED, this the 27 of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

3

Case 4:97-cr-00034-FL Document 164 Filed 12/28/10 Page 3 of 3